In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1678

United States of America,

Plaintiff-Appellee,

v.

Frank Allen, Jr.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-30133-WDS--William D. Stiehl, Judge.

Submitted September 20, 2001*--Decided October 19, 2001

   Before Bauer, Manion and Evans, Circuit
Judges.

   Bauer, Circuit Judge.  Frank Allen, Jr.,
was tried and convicted for possession
with intent to distribute crack cocaine
in excess of five grams, and possession
of a firearm in furtherance of drug
trafficking; violations of 21 U.S.C. sec.
841(a)(1) and 18 U.S.C. sec. 924(c),
respectively. He now appeals his
convictions claiming the district court
committed several errors by admitting
evidence improperly and allowing
inappropriate statements by the
prosecutor during closing arguments. For
the following reasons, we affirm the
convictions.

I.  BACKGROUND

   On February 5, 2000, in the City of East
St. Louis at approximately 1:00 a.m.,
East St. Louis Detective Anthony Crawford
saw a blue Buick disobey a stop sign.
Detective Crawford pursued the vehicle
which disobeyed several other stop signs
and made an illegal left turn onto the I-
55 highway entry ramp. As the vehicle
made its way onto the highway, Detective
Crawford observed the passenger throw
several small plastic bags out of the
car. Detective Crawford's pursuit was
joined by Detective Brian Lammers and
Detective Sergeant Nick Mueller. The

three officers, in separate cars, were able to bring the vehicle to a stop using a technique called a "rolling roadblock." The vehicle's occupants were ordered to exit and they refused. The officers then drew their weapons and approached the vehicle, and forcibly removed the occupants from the car. As the passenger was pulled from the car, Detective Lammers noticed him place something near the seat. Detective Crawford used his flashlight to search for the item Detective Lammers had seen the passenger place near the seat. Detective Crawford found a small plastic bag containing an off-white, rock-like substance which was subsequently identified by the Illinois State Police Forensics Lab as 0.6 grams of crack cocaine. The driver was identified as Leann Clover, and the passenger was identified as Frank Allen, Jr. Clover and Allen were taken into custody, but later released pending charges.

On February 27, 2000, around 2:28 a.m., Detectives Mueller, Lammers, Curtis Hill, and Officer Dan Hill went to the Hillcrest Motel in East St. Louis. The detectives had been given information by an informant that distribution of crack cocaine was occurring on the premises. The detectives went to the office and spoke with Eugene Stewart, the manager./1 They advised Stewart that they had information that a man named "Frank" was distributing crack in the motel and asked for consent to search the motel office and living quarters. Stewart agreed and signed a written consent form.

Upon entering, the detectives found three females sitting on a mattress and Frank Allen, Jr. standing in the room. Allen, seeing the detectives, immediately ran down a hallway and went into a bathroom. Detective Lammers pursued Allen into the bathroom and observed Allen reach into a shelf in the closet, place an item on the shelf, and begin to close the closet door. Detective Lammers secured Allen and found the item Allen had placed on the shelf. The item was a plastic bag containing smaller bags with an off-white, rock-like substance in each, later identified by the Illinois State Police Forensic Lab as 5.2 grams of crack cocaine. The detectives searched the rest of the living quarters, finding other drug related items and a loaded .38

caliber revolver in a garbage can under a garbage bag. Allen, Stewart, and the three females were all taken into custody.

Stewart and the three females all gave statements to the police as to what had occurred in the motel that evening. One of the females, Rita Davis,/2 told the police that Allen had a revolver with a gold end, which was similar to the one found in the garbage can. The Illinois State Police Forensic Lab found a fingerprint on the revolver and compared it to Allen's fingerprints; the two were determined to match. Allen was indicted on three counts, two for distribution of crack and one for possession of a firearm in furtherance of drug trafficking, all stemming from the events described above.

At trial, the United States called Special Agent Larry Fox of the Drug Enforcement Administration (DEA), as an expert on drug trafficking. A hearing was held to determine if Agent Fox was an expert. The district court found that Agent Fox was qualified to testify as an expert under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993), as to the customs and tools of the trade of narcotics trafficking. The defense objected to his testimony relating to weapons used in drug trafficking at both the hearing and trial. Agent Fox testified that the amount of drugs found at the motel was indicative of drug distribution and not personal use. He also testified that it is common for drug dealers to keep weapons to protect themselves and their drugs. The jury convicted on the second and third counts of the indictment, stemming from the events at the motel, and returned a verdict of not guilty on count one, relating to the events that occurred in the car.

II.  ANALYSIS

A.  Expert Testimony

When a challenge is made to the acceptance or rejection of expert testimony on appeal, we review whether the trial court properly applied the Daubert framework de novo. United States v. Hall, 165 F.3d 1095, 1101 (7th Cir. 1999). If we determine that the trial

court properly applied the Daubert framework, we review the decision to admit or exclude expert testimony for an abuse of discretion. United States v. Brumley, 217 F.3d 905, 911 (7th Cir. 2000).

Rule 702 provides that an expert may testify if they have "specialized knowledge," are qualified based on "knowledge, skill, experience, training, or education," and the expert's testimony "will assist the trier or fact to understand evidence or to determine a fact in issue." Fed. R. Evid. 702. The role of the district court as a "gatekeeper" is to determine if the expert opinion is reliable and relevant to the case at hand. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999); Daubert, 509 U.S. at 597. We note that the trial court has considerable latitude in determining "whether Daubert's specific factors are, or are not, reasonable measures of reliability in a particular case." Kumho Tire, 526 U.S. at 152-53.

Allen contends that Agent Fox's testimony regarding the link between the gun found at the motel and drug trafficking was simply a subjective lay opinion and not an expert opinion./3 Agent Fox received education and training in the field of narcotics trafficking. He has considerable experience in the field, working as a police officer for twenty-six years and with the DEA for thirteen years, and has investigated over two hundred drug cases. His opinion was also based on a full examination of the police reports, which included the statements of the witnesses as well as the police officers present at the scene. We conclude that the district court properly found that Agent Fox was a qualified expert in the field of narcotics trafficking and that his opinion wasreliable and relevant. See id. at 152 (holding that a district court performs its role as gatekeeper by making certain that an expert, whose testimony is based on experience, "employs the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."); Fed. R. Evid. 702 advisory committee's note (noting that "[i]n certain fields, experience is the predominant, if not sole, basis for a great deal of expert testimony.").

Moreover, we have allowed expert testimony "concerning the 'tools of the trade' and the methods of operation of those who distribute various types of illegal narcotics" because the "average juror is unlikely to be knowledgeable about drug trafficking." United States v. Hubbard, 61 F.3d 1261, 1274-75 (7th Cir. 1995); see also United States v. Pigee, 197 F.3d 879, 891 (7th Cir. 1999); United States v. Neeley, 189 F.3d 670, 682-83 (7th Cir. 1999). Agent Fox's testimony did not establish that Allen had a gun, it simply aided the jury in determining why he had a gun. See United States v. Sanchez-Galvez, 33 F.3d 829, 832 (7th Cir. 1994) ("Expert testimony provides the trier of fact with an opinion about the inferences which may be drawn from a complex set of facts."). Allen's attorney throughly cross-examined Agent Fox, attempting to attack his rationale. However, Allen failed to convince the jury that he was not in possession of a gun to protect his drugs, probably because the fingerprint and eyewitness evidence indicated that the gun found be longed to him. Had the jury determined that the gun did not belong to Allen, it was free to disregard Agent Fox's explanation. Agent Fox's testimony was based on, and supported by, his considerable experience with the customs and tools of the drug trade and his review of the police reports. Therefore, we conclude that the district court properly performed its gatekeeping role in determining that Agent Fox's expert testimony was reliable and relevant to the facts of the case.

1.  Brady Violation

Allen also argues that the prosecution should have provided him with exculpatory Brady material. Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972). To prevail on a Brady claim, Allen would need to show that there was evidence which was favorable to him, material to the case, and suppressed by the prosecution. Id. at 833. Allen has utterly failed to show any indication of a Brady violation.

B.  Cumulative Error

Cumulative errors, while individually harmless, when taken together can prejudice a defendant as much as a single

reversible error and violate a defendant's right to due process of law. Taylor v. Kentucky, 436 U.S. 478, 487 n.15 (1978); United States v. Haddon, 927 F.2d 942, 949-50 (7th Cir. 1991). To demonstrate cumulative error, Allen must establish that "(1) at least two errors were committed in the course of the trial; (2) considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied the petitioner a fundamentally fair trial." Alvarez v. Boyd, 225 F.3d 820, 824 (7th Cir. 2000), cert. denied, 121 S.Ct. 1192 ( 2001). We review to determine if "the effect of the errors, considered together, could not have been harmless," or "[p]ut another way . . . that but for the errors, the outcome of the trial probably would have been different." Id. at 825. If there are no errors or a single error, there can be no cumulative error. Id.

Allen contends that three errors were committed at trial. The first of these, the admission of Agent Fox's expert testimony, we have determined to be proper and do not consider again. Allen contends the second error was the admission of inadmissible hearsay in the form of a statement by Detective Lammers made during his direct examination. Detective Lammers, while giving background information as to why he went to the motel and what occurred prior to the search, stated that an informant had told him "a guy by the name of Frank was inside" the motel. What Allen fails to understand is the basic definition of hearsay. Rule 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c) (emphasis added). The statement by Detective Lammers was not hearsay because it was not offered to prove that "a guy by the name of Frank was inside the motel." Instead, it was offered as simply a recitation of what the officers told the motel manager when they sought his consent to search the motel. Therefore, we conclude that the statement was not hearsay and was properly admitted.

The third error Allen contends prejudiced his case was a statement by the prosecutor during closing arguments.

In his final comment to the jury, the prosecutor asked the jury to "[w]rite a verdict you can be proud of, a verdict that you know is the correct verdict under the law and evidence in this case . . . ." The prosecutor's comment, while appealing to community sentiment, merely called on the jury to consider the evidence and render a decision based on the law and evidence. Moreover, even if we found it to be an error, it would amount to the only error in this case, completely precluding a finding of cumulative error.

CONCLUSION

Because the district court properly admitted the expert testimony and did not commit any errors, cumulative or otherwise, we Affirm the convictions.

FOOTNOTES

/* On September 5, 2001, the parties filed a joint motion to waive oral argument. Fed. R. App. P. 27(d). An order granting the joint motion and vacating oral argument was entered September 18, 2001, and the case was submitted on the briefs and record on September 20, 2001. Fed. R. App. P. 34(f).

/1 The motel manager in this case is more aptly described as a caretaker because the motel had been closed for over two years and his duty was to keep watch over the property.

/2 Rita Davis is the "street name" of Maurita Givens; at trial she was referred to as Ms. Davis.

/3 Allen does not challenge Agent Fox's testimony that the amount of drugs Allen had indicated the drugs were possessed for distribution and not personal use. Furthermore, Allen concedes that this circuit has specifically "acknowledged a role for such testimony" under Daubert "and its progeny." Appellant's Brief at 9.