IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAWRENCE NEIL FULLER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 80316 |

FILED

APR 20 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit murder and first-degree murder with use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant first argues that insufficient evidence supports the convictions, asserting that evidence supported that one of the witnesses committed the murder. When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We conclude that sufficient evidence supported the convictions. Witnesses testified that they saw appellant retrieve a gun after the initial altercation with the victim; heard the codefendant say she wanted to kill the victim and then saw appellant and the codefendant go

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-11429

outside to where the victim was; heard gunshots; and then saw appellant and the codefendant return to the apartment, quickly grab their personal belongings, and leave. Based on that evidence, a rational juror could find the elements of the offenses beyond a reasonable doubt. *See* NRS 199.480 (conspiracy); NRS 200.010 (murder); NRS 200.030(1)(a) (first-degree murder). It is the jury, not this court, that weighs the evidence and determines witness credibility. *Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (providing that this court will not reweigh evidence or substitute its judgment for that of the jury on conflicting evidence).

Appellant next argues that the failure to sever his trial from that of the codefendant warrants reversal because the jury could have improperly used the allegedly strong evidence against the codefendant as evidence of appellant's guilt, relying on *State v. Rendon*, 715 P.2d 777, 782 (Ariz. Ct. App. 1986) (providing that "[t]he 'spillover' or 'rub-off' theory involves the question of whether a jury's unfavorable impression of the defendant against whom the evidence is properly admitted will influence the way the jurors view the other defendant"). Reviewing for plain error because appellant sought severance on different grounds below, *see Rimer v. State*, 131 Nev. 307, 332-33, 351 P.3d 697, 715 (2015) (applying plain error review when "the grounds that [appellant] urges on appeal are different from those he presented below"), we disagree. Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Chartier v. State*, 124 Nev. 760, 765, 191 P.3d 1182, 1185 (2008) (quoting *Marshall v. State*, 118 Nev. 642, 647, 56 P.3d 376, 379 (2002) (further internal quotation marks omitted)). At least one witness saw both appellant and the codefendant in the

immediate vicinity where the victim was shot at the time of the shooting. Witnesses also saw appellant and the codefendant together immediately before and after the shooting occurred, and other evidence connected appellant to the crime. Given that evidence, we are not convinced there was a serious risk that the joint trial prevented the jury from making a reliable judgment about appellant's guilt or innocence.

Appellant also argues that the district court erred in admitting evidence that he and the codefendant sold drugs. But we agree with the district court that such evidence was admissible under NRS 48.035(3), which provides that evidence of an uncharged crime is admissible when "an ordinary witness cannot describe . . . the crime charged without referring to the other . . . crime." Multiple witnesses could not fully give their account of the night of the murder without describing that they bought drugs from appellant and the codefendant and/or helped appellant and the codefendant sell drugs to the victim that night—the impetus for the crimes. *See Weber v. State*, 121 Nev. 554, 574, 119 P.3d 107, 121 (2005) (explaining that evidence is only admissible under NRS 48.035(3) if "an actual witness . . . cannot describe the crime charged without referring to another uncharged act" and to "introduce an account of events and conduct observed by a witness"), *overruled on other grounds by Farmer v. State*, 133 Nev. 693, 405 P.3d 114 (2017); *Bellon v. State*, 121 Nev. 436, 444, 117 P.3d 176, 181 (2005) (limiting the admission of evidence under NRS 48.035(3) to the statute's express provisions). Moreover, we are convinced that any error in admitting the evidence did not substantially affect the verdict. *See Valdez v. State*, 124 Nev. 1172, 1188-90, 196 P.3d 465, 476-77 (2008) (discussing non-constitutional harmless error review).

Appellant next argues that the district court abused its discretion in allowing the trial to proceed after the State asked a witness if he previously stated that appellant walked like "a gangster." Reviewing for plain error because appellant did not request a new trial or any other relief below, *see Rimer*, 131 Nev. at 332-33, 351 P.3d at 715, we find none. Because the reference was brief and the district court immediately sustained appellant's objection, we are not convinced that the district court erred in allowing the trial to proceed rather than taking some other action not requested by appellant. *See Rose v. State*, 123 Nev. 194, 209, 163 P.3d 408, 418 (2007) (holding that the trial court cured prejudice from improper reference to facts not in evidence by sustaining contemporaneous objection and admonishing the jury).

Appellant also challenges the district court's refusal to allow questions regarding a witness's potential motivation to cooperate with the State where the witness was awaiting sentencing for a felony in another department. We agree that the district court abused its discretion by prohibiting appellant from asking *any* questions regarding the witness's potential bias. *See Leonard v. State*, 117 Nev. 53, 72, 17 P.3d 397, 409 (2001) (observing that a district court's discretion to limit cross-examination is narrow "where potential bias is at issue"). We conclude that this error was harmless beyond a reasonable doubt, however, as overwhelming evidence connected appellant to the crime. *See Mclellan v. State*, 124 Nev. 263, 270, 182 P.3d 106, 111 (2008) (providing that an error is not grounds for reversal where it is harmless and has no injurious effect on the jury's verdict).

As we have found only one error, appellant's cumulative-error argument necessarily fails. *See United States v. Allen,* 269 F.3d 842, 847 (7th Cir. 2001) ("If there are no errors or a single error, there can be no cumulative error."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Cadish

_____, J.
Pickering

cc:    Chief Judge, Eighth Judicial District Court
       Department 21, Eighth Judicial District Court
       Oronoz & Ericsson, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk