An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIO CESAR NAVAS,
Appellant/Cross-Respondent,
vs.
THE STATE OF NEVADA,
Respondent/Cross-Appellant.

No. 65348

FILED

APR 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal and a cross-appeal from an order of the district court granting in part and denying in part a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant was convicted, pursuant to a jury verdict, of one count of sexual assault on a child, one count of lewdness with a child under the age of 14 years, two counts of open or gross lewdness, and one count of intimidating or bribing a witness.[1] This court affirmed the judgments of conviction. *Navas v. State*, Docket Nos. 46966, 46967 (Order of Affirmance, December 12, 2008). Appellant challenged the validity of the judgments of conviction by way of a post-conviction petition for a writ of habeas corpus in which he raised a number of claims of ineffective assistance of counsel. After conducting an evidentiary hearing, the

---

[1]The latter offense was charged separately but tried jointly. A separate judgment of conviction was entered in each case.

15-11340

district court granted the petition in part, concluding that trial counsel was ineffective in failing to consult and call an expert witness to rebut the nurse's testimony as it related to the count of sexual assault, and denied the remaining claims in the petition.

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The performance-inquiry must be whether trial counsel's assistance was reasonable considering all the circumstances and under the prevailing professional norms at the time of the conduct at issue. *Strickland*, 466 U.S. at 688, 690. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690. Both components of the inquiry must be shown, *id.* at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial

evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The State argues that the district court erred in granting relief on appellant's claim that trial counsel, Mr. Kevin Van Ry, was ineffective for failing to consult and call an expert witness to rebut the nurse's testimony. While not disputing the district court's determination of prejudice, the State argues that appellant failed to demonstrate that Mr. Van Ry's performance was constitutionally deficient. Specifically, the State argues that there was no evidence presented of what the professional norms require in a case when an "ostensibly qualified nurse" presents evidence of what she observed during a physical examination of a child-sexual-assault victim. The State further argues that the district court erroneously applied a subjective test when it referred to counsel's performance as "unprofessional."

We conclude that the district court's determination that trial counsel was ineffective in failing to call an expert witness to rebut the nurse's testimony was supported by substantial evidence and was not clearly wrong. In this case, given the equivocal nature of the victim's testimony and given how critical the nurse's testimony was in proving the count of sexual assault, Mr. Van Ry's failure to investigate, consult, and present expert testimony was objectively unreasonable under the totality of the circumstances and the prevailing professional norms. Appellant's

former trial counsel, Mr. Carl Hylin,[2] who testified at the evidentiary hearing as to his experience in criminal defense, stated that after the preliminary hearing he felt the nurse was "reckless" in her description of the examination and findings and understood that he would need an expert to dispute this evidence. Testimony from an experienced criminal defense attorney may establish prevailing professional norms.[3] *See Matylinsky v. Budge*, 577 F.3d 1083, 1092 (9th Cir. 2009) (acknowledging that prevailing professional norms may be shown in various ways, including an "alternate attorney's determination challenging" trial counsel's decisions and practice standards set forth by the American Bar Association).[4] In fact, Mr. Hylin secured funds from the court, found an expert, and filed a notice of an expert, Dr. James Crawford-Jacubiak. Dr. Crawford's testimony at the evidentiary hearing seriously and substantially undermined the testimony of the nurse at trial in regard to

---

[2]Mr. Hylin negotiated a guilty plea, which appellant ultimately withdrew. Mr. Hylin was replaced by Mr. Van Ry.

[3]To the extent that the district court may have determined that Mr. Hylin could not testify as to the prevailing professional norms, we conclude that determination was in error.

[4]ABA standards in effect at the time of the representation in this case provided that "[d]efense counsel should conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case." *ABA Standards for Criminal Justice: Prosecution Function and Defense Function*, Standard 4-4.1 (3d ed. 1993).

the count of sexual assault. At the evidentiary hearing, Mr. Van Ry could not recall what he had done to investigate the case and could provide no reasonable explanation for not consulting and calling an expert witness in regard to rebutting the testimony of the nurse regarding the sexual-assault count. Thus, the decision not to consult or call an expert witness in regard to the sexual-assault count cannot be deemed a strategic one in this case. Based on the testimony presented at the evidentiary hearing, appellant demonstrated that his trial counsel's performance was deficient.[5] Further, as the State does not dispute the finding of prejudice, the district court did not err in determining that counsel was ineffective in regard to the sexual-assault count.

Appellant argues that the district court erred in concluding that the deficiency in failing to call an expert to rebut the nurse's testimony did not apply to the lewdness counts as well. Appellant fails to demonstrate error. Dr. Crawford's testimony related only to the sexual-assault count. While the testimony of M.N. may have been equivocal regarding the sexual assault count, her testimony regarding the lewdness count was not equivocal. Likewise the testimony of the other victims was not equivocal regarding the lewdness counts. Appellant fails to

---

[5]Reviewing the district court's order as a whole and in context, the district court applied an objective test in evaluating counsel's performance. Reference to Mr. Van Ry's performance as "unprofessional" was aimed at the State's concern regarding the prevailing professional norms.

demonstrate that counsel's failure to present an expert to rebut the nurse's testimony had a reasonable probability of altering the outcome at trial regarding the lewdness counts.

Next, appellant argues that trial counsel was ineffective for failing to call an expert witness, Dr. William O'Donahue, to challenge the reliability of the accusations given alleged defects in the forensic interviews. Appellant fails to demonstrate that it was objectively unreasonable not to present this testimony as any inconsistencies or motivation to tell a particular story could have been elicited in other ways. It is for the jury to determine the credibility of witnesses, *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975), and Dr. O'Donahue acknowledged that any flaws in the forensic interview did not mean that the girls were untruthful, but that any flaws could leave the interviews open to other interpretations. Even assuming that counsel was deficient for failing to present testimony regarding the interviews, appellant fails to demonstrate that there was a reasonable probability of a different outcome had trial counsel presented testimony from this expert in this case.

Next, appellant argues that trial counsel was ineffective for presenting no defense and conceding appellant's guilt to the lewdness counts in closing arguments without his consent. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Mr. Van Ry testified that appellant admitted to him that

he had committed the physical acts forming the basis for the lewdness counts and that his strategy was to concede that the physical acts occurred but argue that appellant lacked the required specific intent for the offenses. Appellant fails to demonstrate that counsel's strategy was unreasonable under the circumstances in this case; appellant's consent to the strategy was not required. *See Armenta-Carpio v. State*, 129 Nev. ___, 306 P.3d 395, 398 (2013). Appellant further fails to demonstrate that there was a reasonable probability of a different outcome had trial counsel not conceded that appellant committed the physical acts underlying the lewdness counts or presented some other defense to the lewdness counts.

Finally, appellant appears to argue that the remaining claims in his petition were improperly denied, but he fails to provide any cogent argument. We therefore decline to consider these claims. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

 

cc: Hon. Jerome Polaha, District Judge
     Federal Public Defender/Las Vegas
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk