GEORGE WALKER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 7767

November 12, 1975          542 P.2d 438

---

[3]An adversary may inquire as to the facts upon which the opinion is based. Wallace v. State, 84 Nev. 603, 447 P.2d 30 (1968).

*Morgan D. Harris,* Public Defender, and *Thomas L. Leen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George Holt,* District Attorney, and *Dan M. Seaton,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury found George Walker guilty of the sale of a controlled substance (heroin), in violation of NRS 453.321. Since this was his second conviction for the sale of heroin, Walker was sentenced to life imprisonment in the Nevada State Prison without possibility of parole, as mandated by NRS 453.321. Walker has appealed from his judgment of conviction, seeking reversal on several grounds, which we reject

as meritless; therefore, we affirm the judgment of the lower court.

On February 23, 1973, William Arnold, an undercover narcotics agent for the State of Nevada, approached one Johnny Benson in the Brown Derby bar in Las Vegas, seeking to purchase heroin. After some preliminary discussion, Benson took Arnold to meet Walker, and Arnold purchased from Walker a balloon containing heroin, for $30. Walker took the stand and denied the sale.

Walker claims on appeal that the evidence was insufficient to support the jury's verdict. The rule is well established that it is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness. A verdict supported by substantial evidence may not be disturbed on appeal. Apparently the jury believed Arnold rather than Walker, which was their prerogative. "Where there is substantial evidence to support a verdict in a criminal case, as the record indicates exists in this case, the reviewing court will not disturb the verdict nor set aside the judgment." Sanders v. State, 90 Nev. 433, 434, 529 P.2d 206, 207 (1974). See also Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972); Cross v. State, 85 Nev. 580, 460 P.2d 151 (1969).

Walker also complains that the district judge erred in refusing a continuance of the trial on the date it had started, for the purpose of subpoenaing Johnny Benson, who was incarcerated in the State Prison, to testify in Walker's behalf. The record shows that Walker's attorney did not wish to call Benson, although he made Walker's views known to the trial judge.[1] No subpoena had been issued for Benson, nor a motion

---

[1]"COURT: Let the record show we are convening in the absence of the jury at the request of counsel for the defendant.

"You may proceed.

"MR. HUBBARD [defendant's counsel]: As I discussed with you in chambers, with the Assistant District Attorney, Your Honor, from the time I have been assigned this case I have had approximately six interviews in jail with my client. I have had an opportunity to review the arrest report and the basic evidence that the State will be presenting against my man. Now, actually during my trial preparation I determined that it would not be in the best interest of my client to subpoena the co-defendant, Mr. Benson. It is my understanding that Mr. Benson negotiated a plea with the District Attorney's Office either on this charge or a similar charge and he is presently incarcerated in State Prison in Carson City. Now, the defendant tells me at the noon recess today that he felt Mr. Benson, and this incidentally is the first

for continuance made, as provided in DCR 21. See Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969). There is no merit to Walker's contention.

Walker also asserts that, because of the State's failure to establish a proper chain of custody, the trial court committed error in admitting in evidence the heroin. Arnold testified that he placed the balloon containing the heroin that he purchased from Walker, in his glass case, and then put it in a State narcotics evidence envelope, which he deposited in the evidence impound at the State Narcotics Division office in Las Vegas; that he personally hand-delivered the proposed exhibits to the justice court, where they were received in evidence at the preliminary hearing. Richard Russell Renner, a chemist with the Las Vegas Metropolitan Police Department, testified that he removed the above-named exhibits from the county clerk's office for laboratory testing a few days before the district court trial and then returned the exhibits to the clerk. No objection was made at the time the exhibits relating to the balloon and heroin were received in evidence. Earlier in the trial, defense counsel had stated to the court that he would have no objection to the admission of the exhibits if a proper chain of custody from the time of arrest were established. Apparently counsel was satisfied, for he made no objection when the

---

time that he has mentioned it to me, in regard to subpoenaing Mr. Benson or I would have done it, but against my advice because I really felt that Mr. Benson would not help my client's case, Mr. Walker has asked that we have Mr. Benson here to testify on his behalf and I realize that the man is in the State Prison and that it would probably take a few days to get him down here, so at this time I am making the motion to have Mr. Benson brought down here as a witness.

"COURT: Have you previously discussed with the defendant the advisability of having Mr. Benson here?

MR. HUBBARD: Yes, sir, I believe on one of my interviews in the jail that I suggested to Mr. Walker that it would not be in his best interests to have Mr. Benson testify.

". . .

"COURT: You are of the personal opinion that he would not be helpful to the defense of this case?

"MR. HUBBARD: Yes, Your Honor.

"COURT: But you feel that it is encumbent [sic] upon you because of Mr. Walker's request that you move for a continuance?

"MR. HUBBARD: Yes, sir, that's true.

"COURT: Well, I think there hasn't been a proper showing for a continuance based on the absence of the witness or that there has been sufficient diligence used in having him here for the trial, and that the motion is made too late. The motion is denied."

728

exhibits were formally offered. A review of the record demonstrates a proper showing of a chain of custody of the evidence received. See Sorce v. State, 88 Nev. 350, 497 P.2d 902 (1972); Ricci v. State, 91 Nev. 373, 536 P.2d 79 (1975).

Finally, Walker argues that he was denied due process because of the inadequacy of his counsel. We find this charge completely without merit.

Affirmed.