An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILLIP JEFFERY MCDANIEL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65047

**FILED**

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, conspiracy to commit robbery, robbery, and unlawful taking of a vehicle without the owner's consent. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

First, appellant Phillip Jeffery McDaniel asserts that insufficient evidence supports his convictions. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At trial, evidence was presented that the victim approached her car and noticed a woman, later identified as Claudia Cervantes, sitting in the driver's seat. When Cervantes realized that she had been spotted, she called out for assistance and a man appeared from a nearby alley. The man "thumped" the victim on the head, took her cell phone and purse, and drove away in her car. Cervantes was apprehended and told law enforcement that McDaniel was the man who was with her. Surveillance footage from a nearby convenience store showed the couple together shortly before the incident. In the video, McDaniel could be seen holding a

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37216

large cup, which was recovered from the victim's car and contained his DNA. The victim identified McDaniel as the suspect in a photo lineup and in court.

We conclude that the jury could reasonably infer from the evidence presented that McDaniel committed the charged crimes. *See* NRS 199.480(3) (conspiracy); NRS 200.380(1) (robbery); NRS 205.060(1) (burglary); NRS 205.2715(1) (unlawful taking of vehicle). "[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of [a] witness," *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975), and the jury's verdict will not be disturbed where, as here, it is supported by sufficient evidence, *see Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Second, McDaniel contends that the district court erred by denying his race-based *Batson* challenges.[1] When a defendant raises a *Batson* challenge, he must first make out a prima facie case of discrimination. *Ford v. State*, 122 Nev. 398, 403, 132 P.3d 574, 577 (2006). To establish a prima facie case, the defendant "'must show that the totality of the relevant facts gives rise to an inference of discriminatory purpose.'" *Watson v. State*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 76, October 2, 2014, at 10) (quoting *Batson*, 476 U.S. at 93-94). This standard is not onerous, but requires that a defendant present sufficient evidence to permit the trier of fact "to draw an inference that

---

[1]*Batson v. Kentucky*, 476 U.S. 79 (1986).

discrimination has occurred." *Johnson v. California*, 545 U.S. 162, 170 (2005).

McDaniel argues that he raised an inference of racial discrimination because the State used four of its five peremptory strikes on "minorities and/or females" and disparately questioned an African-American venireperson. The district court considered the challenges "in total and [ ] in isolation," and concluded that McDaniel failed to establish a prima facie case of racial discrimination. *See Watson*, 130 Nev. at ___, ___ P.3d. at ___, slip op. at 4 (considering race-based *Batson* challenges and gender-based *Batson* challenges separately). McDaniel fails to demonstrate that the district court abused its discretion. *See Diomampo v. State*, 124 Nev. 414, 422-23, 185 P.3d 1031, 1036-37 (2008) (explaining that the district court's determination regarding the question of discriminatory purpose is given "great deference" on appeal). McDaniel did not make an adequate record of the racial makeup of the venire and fails to demonstrate a disproportionate use of race or gender-based challenges. *See Watson*, 130 Nev. at ___, ___ P.3d at ___, slip op at 6 ("[T]he raw number of peremptory challenges used against targeted-group members is meaningless without some point of reference." (internal quotation marks omitted)). Moreover, the record supports the finding that there was not disparate questioning sufficient to raise an inference of racial discrimination. We conclude that no relief is warranted on this claim.

Third, McDaniel contends that the district court erred by dismissing a juror for cause based upon his "fear of public speaking." We disagree. During voir dire, a venireperson gave a note to the marshal. The court excused the remainder of the panel and spoke with the man,

who revealed that he had a condition which caused him to be extremely nervous when speaking in public. He explained that his condition caused him to get "choked up" for reasons he could not control. He also explained that, although he could be fair to both sides, he did not believe he would voice his opinion during deliberation if he disagreed with the other jurors. The district court dismissed the juror for cause. McDaniel fails to demonstrate that the district court abused its discretion. *See* NRS 175.036(1) (the court may remove a juror "for any cause or favor which would prevent the juror from adjudicating the facts fairly"); *see also Blake v. State*, 121 Nev. 779, 795, 121 P.3d 567, 577 (2005) ("Because such rulings involve factual determinations, the district court enjoys broad discretion in ruling on challenges for cause.").

Fourth, McDaniel contends that the district court erred by denying his request to record all bench conferences. McDaniel concedes that his claim does not withstand this court's recent holding in *Preciado v. State*, 130 Nev. ___, ___, 318 P.3d 176, 178 (2014), but he urges us to modify *Preciado* and hold that placing the contents of a sidebar on the record at a break in the proceedings violates due process. We decline to do so and conclude that the district court did not err.

Fifth, McDaniel contends that the prosecutor committed misconduct during closing and rebuttal argument. When reviewing allegations of prosecutorial misconduct, we first consider whether the prosecutor's conduct was improper, and then determine whether any improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). During closing argument, the prosecutor told the jury to infer that Cervantes did not have any prior felony convictions because she had not been impeached with them. The defense objected and

 

the district court instructed the prosecutor to move on. During rebuttal, the prosecutor began to mention that there had been a media release in the case, which many witnesses had mentioned. The defense immediately objected and the district court instructed the jury to disregard the statement. Even assuming that these comments constituted misconduct, we conclude that they were harmless in light of the evidence presented and the district court's instructions to the jury; therefore, no relief is warranted. *Id.* at 1189, 196 P.3d at 476 (errors that are not of a constitutional nature do not warrant reversal unless they "substantially affect[ed] the jury's verdict"); *Leonard v. State*, 117 Nev. 53, 66, 17 P.3d 397, 405 (2001) (explaining that jurors are presumed to follow their instructions). To the extent McDaniel contends that the district court abused its discretion by denying his motion for a mistrial based upon these comments, we disagree. *See Rudin v. State*, 120 Nev. 121, 142, 86 P.3d 572, 586 (2004) ("The trial court has discretion to determine whether a mistrial is warranted, and its judgment will not be overturned absent an abuse of discretion.").

Having considered McDaniel's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                        Cherry

 

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A