An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WENDOLEN LEONARD HOWARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64469

FILED

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery, victim 60 years of age or older. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

First, appellant contends that the district court erred by admitting evidence of uncharged crimes as res gestae. Uncharged crimes are admissible as res gestae if they are "so interconnected to the act in question that a witness cannot describe the act in controversy without referring to the other crime." *Bellon v. State*, 121 Nev. 436, 444, 117 P.3d 176, 181 (2005) (internal quotation marks omitted); *see* NRS 48.035(3). Here, the State alleged that appellant got a haircut at the barbershop owned by the victim, Richard. Appellant refused to pay and punched one of Richard's employees when he attempted to collect the fee. Richard's brother intervened and appellant punched him as well. Richard moved to protect his brother and appellant pushed and/or punched him. Although appellant was only charged for the attack on Richard, it was necessary to describe the other attacks in order to describe the charged crime. We conclude that the district court did not abuse its discretion by admitting this evidence as res gestae. *See State v. Shade*, 111 Nev. 887, 892, 900 P.2d 327, 330 (1995) (we will not reverse a district court's decision to

14-37217

admit res gestae evidence absent manifest error). Moreover, the State stipulated at trial that appellant was not charged with battery against the employee or Richard's brother, and the jury was instructed regarding the limited purpose for which the evidence could be used. *See Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006) ("[T]his court generally presumes that juries follow district court orders and instructions.").

Second, appellant contends that insufficient evidence supports the elder enhancement. *See* NRS 193.167(1). We disagree. Richard's testimony that he was 68 years old at the time of the incident is sufficient to establish the elder enhancement beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008); *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) ("[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness.").

Third, appellant contends that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that Richard and his brother admitted to law enforcement that they possessed weapons during the incident. "[T]here are three components to a *Brady* violation: the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material." *Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000). Here, appellant knew that Richard and his brother possessed weapons as it formed the basis of his self-defense claim and he fails to explain how their admissions to the same were material. Appellant also fails to demonstrate that the evidence was withheld

because the parties stipulated at trial that Richard and his brother told law enforcement about the weapons. Even assuming that appellant only learned of the admissions during trial, he fails to explain how he was prejudiced by the mid-trial disclosure because he had the opportunity to cross-examine the witnesses regarding their admissions. *See Rippo v. State*, 113 Nev. 1239, 1258, 946 P.2d 1017, 1029 (1997). We conclude that no relief is warranted on this claim.

Fourth, appellant asserts that the State violated *Brady* by turning over other statements one week prior to the date originally set for trial. Appellant also contends that the district court erred by failing to determine whether he was prejudiced and by punishing him for the State's violation. Appellant fails to demonstrate that *Brady* was violated because the statements were provided prior to the originally scheduled trial date and well in advance of the actual trial date. Although appellant asserts that it was unfair for the district court to remedy the tardy disclosure by moving the trial date rather than suppressing the evidence, we note that he did not move to suppress the evidence, and it appears that the evidence was favorable to the defense. To the extent appellant asserts that another remedy was warranted, he offers no cogent argument in support of his assertion and fails to demonstrate that the district court erred.[1] *See generally Rudin v. State*, 120 Nev. 121, 139, 86 P.3d 572, 584 (2004) (concluding that a *Brady* violation was harmless where the district court provided the defendant with various remedies).

---

[1]We reject the assertion that the district court's ruling constitutes judicial misconduct.

 

Fifth, appellant contends that "the district court erred by refusing to seat another jury panel that included African Americans." We disagree. During voir dire, appellant asserted that the number of African Americans in the venire was not proportionate to that in the community. Appellant did not demonstrate or attempt to demonstrate that this disproportion was the result of systematic discrimination in the jury selection process, *see Williams v. State*, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005); *Duren v. Missouri*, 439 U.S. 357, 366 (1979), rather, he merely asked for the venire to be excused and replaced with one containing more African Americans. We conclude that no relief is warranted on this claim.

Sixth, appellant contends that the prosecutor committed misconduct during closing argument by asserting that Richard acted in self-defense after appellant pushed him. When reviewing allegations of prosecutorial misconduct, we first consider whether the prosecutor's conduct was improper, and then determine whether any improper conduct warrants reversal. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). We conclude that the prosecutor merely argued the State's theory of the case and did not commit misconduct.

Seventh, appellant contends that the district court abused its discretion by rejecting his jury instruction and giving an instruction offered by the State. We review a district court's decision to give a jury instruction for an abuse of discretion and whether the instruction was an accurate statement of the law de novo. *Funderburk v. State*, 125 Nev. 260, 263, 212 P.3d 337, 339 (2009). Appellant contends that the State's instruction suggested that the elder enhancement was a lesser-included-offense of battery causing substantial bodily harm and his instruction clarified the issue. Although the State's instruction was confusing when

 

read in isolation, we conclude that this claim lacks merit because, when read together, the instructions given correctly stated the law. *See Rose v. State*, 86 Nev. 555, 558, 471 P.2d 262, 264 (1970). Moreover, appellant's instruction was incomplete, and even assuming that it was more clear than the State's, no relief is warranted because "we are convinced beyond a reasonable doubt that the jury's verdict was not attributable to the error and that the error was harmless under the facts and circumstances of this case." *Crawford v. State*, 121 Nev. 744, 756, 121 P.3d 582, 590 (2005).

Eighth, appellant contends that the district court abused its discretion by denying his motion for bail. This claim lacks merit. Appellant concedes that he never filed such a motion.

Ninth, appellant contends that cumulative error entitles him to relief. Having considered the appropriate factors, *see Valdez*, 124 Nev. at 1195, 196 P.3d at 481, we conclude that no relief is warranted. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                Cherry

cc:     Hon. Douglas Smith, District Judge
        Legal Resource Group
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk