An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEMETRIUS METMET BLACK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65244

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of five counts of conspiracy to commit robbery and eleven counts of robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

First, appellant Demetrius Black contends that insufficient evidence supports his convictions. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At trial, eleven individuals testified that they were robbed at gunpoint between the nights of February 23, 2012, and February 28, 2012. The victims testified that they were approached in the parking lots of various apartment complexes by two African-American men wearing hooded jackets. The victims were unable to identify their assailants. However, Jaclyn Downey testified that Black committed the robberies with Jareal Edwards in order to get money for his brother, who was incarcerated. Downey explained that, on the nights in question, she drove

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40313

Black and Edwards to different apartment complexes around the areas testified to by the victims. The men, who were wearing hooded jackets, exited her vehicle multiple times and returned with stolen goods. Downey and another witness, Tara Godfrey, described the stolen goods, which matched the items reported stolen by some of the victims.

We conclude that the jury could reasonably infer from the evidence presented that Black committed the charged crimes. *See* NRS 199.480(3); NRS 200.380(1); NRS 193.165(1). "[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of [a] witness," *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975), and the jury's verdict will not be disturbed where, as here, it is supported by sufficient evidence, *see Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Second, Black contends that his sentence constitutes cruel and unusual punishment. We decline to consider this assertion because it is not supported by cogent argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                         Saitta

cc: Hon. Carolyn Ellsworth, District Judge
Sanft Law, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A