# IN THE SUPREME COURT OF THE STATE OF NEVADA

LANELL VINCENT BELLOWS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75450

FILED

FEB 20 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, entered after a bench trial, of battery constituting domestic violence. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Lanell Bellows was arrested for strangling his ex-girlfriend, after which the State charged him with battery domestic violence strangulation. After a two-day bench trial, the district court found Bellows guilty of the lesser charge of misdemeanor battery domestic violence, first offense. On appeal, Bellows argues that the State presented insufficient evidence to support his conviction because only the victim's testimony linked him to the crime. We disagree.

When reviewing a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). "[I]t is the function of the [factfinder], not the appellate court, to weigh the evidence and pass upon the credibility of the witness." *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975). Moreover, so long as the

19-07842

victim testifies with some particularity regarding the incident, the victim's testimony alone is sufficient to uphold a conviction. *Rose v. State*, 123 Nev. 194, 203, 163 P.3d 408, 414 (2007).

Here, the victim testified that Bellows approached her during the custody exchange of their son and grabbed the back of her shirt-collar, restricting her breathing for about ten to fifteen seconds, as she attempted to leave. The victim's sister, who was also present during the exchange, testified that she saw what she believed to be Bellows' car and that she heard him speaking to the victim. The victim's sister also testified that after the victim's interaction with, whom she believed to be, Bellows, the victim's hair was in disarray and her shirt was ripped; the victim could not walk straight; and the victim was gasping for air and holding her neck, which bore red marks. The responding officer testified that the victim immediately identified Bellows as her attacker and that he observed red marks on the victim's neck, ruffling on her shirt-collar, and that her voice was soft and hoarse.

Viewing the foregoing evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could find the elements of battery constituting domestic violence. *See* NRS 200.481 (defining battery); NRS 200.485 (defining battery constituting domestic violence); NRS 33.018 (defining acts which constitute domestic violence). The fact that Bellows purports to have presented contradictory evidence does not change this conclusion. *See Walker*, 91 Nev. at 726, 542 P.2d at 439. We

thus conclude that sufficient evidence supports the verdict.[1]  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish


cc:     Hon. Carolyn Ellsworth, District Judge
        The Law Office of Stephen Reid, Esq.
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]We need not address Bellows' argument regarding his sentence because it was neither cogently argued nor supported by any legal authority. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").