# IN THE SUPREME COURT OF THE STATE OF NEVADA

KOHATH CARROLL, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75895

FILED

MAR 1 5 2019

ELIZ... ...H
CLERK OF ... ... COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery with use of a deadly weapon.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Kohath Carroll, Jr., was arrested for brandishing a gun and taking an eleven-year-old's hoverboard. On appeal, Carroll argues that the State presented insufficient evidence to support his conviction because other witnesses did not corroborate the victim's testimony. We disagree.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). "[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness." *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975). Moreover, so long as the victim

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

*19-11599*

testifies with some particularity regarding the incident, the victim's testimony alone is sufficient to uphold a conviction. *Rose v. State*, 123 Nev. 194, 203, 163 P.3d 408, 414 (2007).

Here, the victim testified that as she rode her hoverboard on the sidewalk in her neighborhood a red car approached her, from which Carroll emerged and demanded her hoverboard. When she refused, he pulled a gun, pointed it at her head, and demanded the hoverboard again. The victim then gave Carroll her hoverboard and wrote down the car's license plate as it exited the area. Law enforcement officers testified that they linked Carroll to the red car and robbery through social media pictures of him with the son of the car's owner, as well as from the description given by the victim, including that Carroll had gold on his bottom teeth. The State also presented law enforcement testimony that the victim's hoverboard was found inside Carroll's home.

Viewing the foregoing evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could find the elements of robbery with use of a deadly weapon. *See* NRS 200.380 (defining robbery); NRS 193.165 (defining use of a deadly weapon as an additional penalty). The fact that Carroll presented contradictory evidence does not change this conclusion. *See Walker*, 91 Nev. at 726, 542 P.2d at 439. We thus conclude that sufficient evidence supports the verdict. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Michael Villani, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A