# IN THE SUPREME COURT OF THE STATE OF NEVADA

GORDON JOSEPH LAWES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75808

FILED

MAY 1 3 2019

ELIZABETH BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of ownership or possession of a firearm by a prohibited person. Eighth Judicial District Court, Clark County; Mark B. Bailus, Judge.

Appellant Gordon Lawes, a felon, was arrested when police discovered a firearm inside his vehicle during a traffic stop. On appeal, Lawes argues that the State presented insufficient evidence to support his conviction because the evidence failed to show that he knew the firearm was in his vehicle. We disagree.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). "[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witnesses." *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975).

Here, a Nevada Highway Patrol trooper testified that he initiated a traffic stop of Lawes—the driver, sole occupant, and owner of the vehicle. After arresting Lawes, the trooper searched him and his vehicle,

19-21306

finding handcuffs in Lawes' back pocket, a "fugitive recovery" badge in the front cabin area, a sheathed knife on the back seat, and a loaded and holstered revolver under the front passenger seat. Lawes admitted ownership of all items except the firearm, which he claimed his dad left in his car after borrowing it earlier that day. Lawes' father testified, confirming his ownership of the gun; that he borrowed Lawes' vehicle that day; and that he accidentally left the gun under the seat without Lawes' knowledge. Viewing the foregoing evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could find the elements of possession of a firearm by a prohibited person beyond a reasonable doubt. *See* NRS 202.360 (prohibiting ownership or possession of firearm by certain persons and providing the prescribed penalties); *United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir. 1985) (concluding that "[i]f the defendant has exclusive control over the premises where contraband is found, then knowledge and control may be inferred"). The fact that Lawes presented contradictory evidence does not change this conclusion. *See Walker*, 91 Nev. at 726, 542 P.2d at 439; *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981) (reiterating that when conflicting testimony is presented, it is for the jury to determine what weight and credibility to give it). We thus conclude that sufficient evidence supports the verdict. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ C.J.
Gibbons

_____ , J.
Stiglich

_____ , J.
Silver

cc: Hon. Mark B. Bailus, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk