# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC RYAN SCOTT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72635

FILED

SEP 19 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon resulting in substantial bodily harm, and battery constituting domestic violence.[1] Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.[2] Appellant Eric Scott raises five main contentions on appeal.

First, Scott argues that the district court improperly admitted evidence that he previously committed domestic violence against his girlfriend—the victim in the battery domestic violence count. We disagree. The court can admit evidence of prior bad acts when (1) the evidence is relevant to the charged crime for a nonpropensity purpose, (2) the State proves the prior act by clear and convincing evidence, and (3) the danger of unfair prejudice does not substantially outweigh the probative value of the evidence. *Bigpond v. State*, 128 Nev. 108, 117, 270 P.3d 1244, 1250 (2012). Evidence of prior acts of domestic violence can be relevant and admissible when, during trial, a victim recants pretrial accusations. *See id.* at 110, 270

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Judge Cory signed the judgment of conviction, but Judge Richard Scotti presided over the trial.

 

19-39064

P.3d at 1246 (explaining that evidence of prior domestic violence may be admissible to give context to a domestic violence relationship, explain a victim's recantation, and assist the jury in evaluating credibility); NRS 48.045(2) (providing examples of purposes for which prior bad acts may be admissible). Here, the girlfriend testified at trial that Scott did not batter her, in contradiction to what she told others at the time of the incident. Further, the State presented clear and convincing evidence that Scott previously committed domestic violence against his girlfriend—a witness testified at the *Petrocelli* hearing to seeing bruising on the girlfriend and that the girlfriend attributed it to Scott's abuse.[3] The State also proffered that the girlfriend's daughter would substantiate those claims and, indeed, the daughter's later testimony matched the State's proffer, as she testified that her mother ascribed previous bruising to Scott. *See Petrocelli v. State*, 101 Nev. 46, 52, 692 P.2d 503, 508 (1985) (affirming the acceptance of a State's offer of proof regarding evidence supporting a prior bad act when the quality of that evidence was later demonstrated by sworn trial testimony). And, the danger of unfair prejudice did not substantially outweigh the probative value of the evidence where there was sufficient evidence to convict Scott absent the prior bad acts, the district court gave the jury an immediate limiting instruction, and Scott's cross-examination opened the door to the prior bad acts. The district court therefore did not abuse its discretion in admitting the challenged evidence. *See Bigpond*, 128 Nev. at 117, 270 P.3d at 1250 (reviewing a district court's decision to admit or exclude prior-bad-act evidence for an abuse of discretion).

---

[3]This was not inadmissible hearsay. The district court properly admitted it as a prior inconsistent statement to the girlfriend's trial testimony. *See* NRS 51.035 (defining hearsay).

Second, Scott argues that the district court abused its discretion by allowing the State to question him about filing income taxes. We disagree as the questioning related to Scott's credibility and direct examination testimony. *See State v. Urie*, 35 Nev. 268, 275, 129 P. 305, 307 (1913) (concluding that, by choosing to testify, a criminal defendant waives his right to refuse to answer questions on cross examination that directly relate to his testimony on direct); *see also Ford v. State*, 122 Nev. 796, 806, 138 P.3d 500, 507 (2006) (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion).

Third, Scott argues that the district court erred by refusing to give his proposed jury instruction on self-defense, but he neither specifically proffered one to the district court nor provides one in his briefing on appeal. And, during trial, Scott conceded that the State's proposed self-defense instruction correctly stated the law, only arguing it was vague. On this record, we conclude that the district court did not abuse its discretion in giving the challenged instruction. *See Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005) (reiterating district courts' broad discretion to settle jury instructions and that this court reviews for an abuse of that discretion or judicial error).

Fourth, Scott argues that the State presented insufficient evidence to support his convictions. Viewing the evidence in the light most favorable to the State, there is sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008). The battery domestic violence charge was supported by physical evidence, witnesses' testimony regarding the girlfriend's injuries and their knowledge of her relationship with Scott, as well as

admissions by Scott that he held and grabbed the girlfriend. *See* NRS 200.481 (defining battery); NRS 200.485 (defining battery constituting domestic violence); NRS 33.018 (defining acts constituting domestic violence). And the stabbing victim testified that Scott stabbed him in the shoulder and, after threatening to kill him, stabbed him again in the stomach, which was bolstered by physical evidence and medical personnel testimony, supporting the convictions on the remaining charges. *See* NRS 200.481 (defining battery); NRS 200.010 (defining murder); NRS 200.030 (delineating the degrees of murder); NRS 193.330 (defining attempt); NRS 193.165 (penalty for deadly weapon use). The fact that Scott presented contradictory evidence does not change this conclusion. *See Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) ("[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness.").

Fifth, Scott argues that the State committed prosecutorial misconduct during its closing argument. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). We agree with Scott that the State telling the jury during its closing how domestic violence victims typically act was impermissible expert opinion and outside the evidence—particularly because the district court sustained Scott's objection and admonished the jury to disregard the State's similar opening statement. *See Yates v. State*, 103 Nev. 200, 205, 734 P.2d 1252, 1255 (1987) (concluding that it is improper for the prosecutor to transform into an unsworn witness during

SUPREME COURT
OF
NEVADA

(O) 1947A

4

final argument); *Rose v. State*, 123 Nev. 194, 209, 163 P.3d 408, 418 (2007) (holding that the State committed prosecutorial misconduct by referring to facts not in evidence). Scott did not object, however, and has not demonstrated that this error affected his substantial rights or the jury's verdict, especially in light of the strong evidence supporting the verdict. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477 (reviewing unpreserved prosecutorial misconduct claims for plain error). This error therefore does not warrant reversal. Because we perceive only one error, reversal is not warranted for cumulative error. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[4]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                                                  Douglas

cc:     Hon. Kenneth C. Cory, District Judge
        Coyer Law Office
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.