IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAWN LYNN GLOVER, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77425

FILED

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon, assault with a deadly weapon, and discharging a firearm within a structure.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge. Appellant Shawn Glover raises three issues.

First, Glover argues that the district court erred by admitting evidence that the shooting victim's wife (Miranda Sutton) and stepdaughter (Akira Veasley) believed that Glover had a history of violence. We disagree as the evidence was offered to show the basis for both Veasley's and Sutton's initial statements to law enforcement that the shooter was someone besides Glover—they feared for their safety, in part, due to their belief that Glover had a history of violence. *See* NRS 48.015 (defining relevant evidence); NRS 48.025 (providing that relevant evidence is generally admissible); NRS 48.045(1) (excluding character evidence offered to prove actions in conformity with that character). And the probative value of the evidence was not substantially outweighed by unfair prejudice because the district court limited the evidence to Veasley's and Sutton's beliefs that Glover had

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-44060

a violent past, explicitly excluding any act-specific testimony referencing gang affiliation or Glover's alleged prior conviction for violent crimes. *See* NRS 48.035(1) (providing for the exclusion of relevant evidence that is substantially more unfairly prejudicial than probative). Additionally, the district court issued an immediate limiting instruction as well as a subsequent jury instruction that the jury could use the evidence only for purposes of understanding Veasley's and Sutton's prior statements to law enforcement and not as substantive evidence of Glover's character. *See Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006) (noting the general presumption that "juries follow district court orders and instructions").

To the extent that Glover argues this was improper prior-bad-act evidence, we disagree because the challenged testimony did not reference any specific acts, instead focusing on Veasley's and Sutton's states of mind given their belief that Glover had been violent.[2] *See Lamb v. State*, 127 Nev. 26, 41, 251 P.3d 700, 710 (2011) (concluding that admission of a witness's testimony expressing fear that the defendant would shoot her, called for balancing probative value against the risk of unfair prejudice under NRS 48.035(1), but did not implicate a prior bad act under NRS 48.045(2)). Nonetheless, the district court here held an evidentiary hearing outside the jury's presence and properly concluded that the evidence was relevant for a nonpropensity purpose, proven by clear and convincing evidence, and that the danger of unfair prejudice did not substantially outweigh the evidence's probative value. *See Fields v. State*, 125 Nev. 776,

---

[2]That Sutton testified that she knew, rather than merely believed, that Glover had a violent past does not change our conclusion since Sutton still did not reference a specific act.

782, 220 P.3d 724, 728 (2009). We therefore conclude that the district court did not abuse its discretion in admitting the challenged evidence. *See Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009) (reviewing a district court's evidentiary rulings for an abuse of discretion).

Second, Glover argues that his convictions are not supported by sufficient evidence. Specifically, Glover highlights the lack of DNA or fingerprint evidence connecting him to the shooting and the inconsistent statements of Veasley and Sutton, who identified Glover as the perpetrator at trial. When reviewing a challenge to the sufficiency of the evidence, we consider "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The record shows that after asking Sutton if she wanted him to "handle" the victim (Patrick Fleming), Glover followed Fleming downstairs to talk. Within seconds, Veasley and Sutton heard three gunshots, and Sutton observed Glover standing over Fleming's body holding a gun. Glover pointed the gun at Sutton and threatened her not to report what she saw. The medical examiner testified that the bullets entered Fleming at a downward trajectory. Testimony also established that Glover fled the scene after the shooting. Viewing this evidence in the light most favorable to the State, a rational trier of fact could conclude beyond a reasonable doubt that Glover committed the charged crimes. *See Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 438-39 (1975) (recognizing that "it is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness"); *see also* 193.165 (deadly weapon enhancement); NRS 200.010 (defining murder); NRS 200.030 (delineating

the differing degrees of murder); NRS 200.471 (defining assault); NRS 202.287 (defining discharging a firearm within a structure). That the State did not present physical evidence connecting Glover to the shooting does not change this conclusion. *See Hernandez v. State*, 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002) (concluding that circumstantial evidence alone may support a criminal conviction).

Third, Glover contends that the State committed prosecutorial misconduct by improperly shifting the burden of proof during closing argument. "When considering claims of prosecutorial misconduct, this court engages in a two-step analysis. First, we must determine whether the prosecutor's conduct was improper. Second, if the conduct was improper, we must determine whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008).

Glover's closing argument attacked the State's lack of physical evidence and proffered that the State had not even proven that Glover was at the crime scene at the time of the shooting. In rebuttal, the prosecutor argued the evidence in support of the State's case and then said, "And I'm waiting for [defense counsel] to answer the question, well, where was his client." Glover objected and the court sustained the objection, but allowed the prosecutor to rephrase. The prosecutor then pointed out again that Glover had not provided evidence that he was not present at time of the shooting. We agree with Glover that the prosecutor's argument improperly shifted the burden of proof to the defense. *Whitney v. State*, 112 Nev. 499, 502, 915 P.2d 881, 883 (1996) (reiterating that comments on a defendant's failure to produce evidence or call witnesses impermissibly shifts the burden of proof to the defense). Nevertheless, we conclude that this prosecutorial misconduct was harmless given the overwhelming evidence

both that Glover was at the scene and committed the crimes. *See King v. State*, 116 Nev. 349, 356, 998 P.2d 1172, 1176 (2000) (concluding that even aggravated prosecutorial misconduct may constitute harmless error where there is overwhelming evidence of guilt). Accordingly we,

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:  Chief Judge, The Eighth Judicial District Court
     Eighth Judicial District Court, Dept. 9
     Clark County Public Defender
     Clark County District Attorney
     Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.