# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEREK RYAN FOX,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78994

FILED

APR 2 0 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery with the use of a deadly weapon, attempted murder with the use of a deadly weapon, assault with a deadly weapon, and two counts of discharging a firearm at or into an occupied structure. Eighth Judicial District Court, Clark County; David M. Jones, Judge.[1]

Appellant Derek Fox first argues that the State presented insufficient evidence because no witness identified him as the perpetrator at trial. We disagree. One witness identified Fox as the shooter during trial. This same witness told police at the scene of the shooting that "Dee" was the shooter and identified Fox in a photo lineup. Additionally, the State presented evidence showing that on multiple occasions before trial, one of the victims identified "Dee" as the person who robbed him and shot at his house. And the State presented evidence at trial that Fox went by "Dee." Another witness's description of the shooter matched Fox, and a car associated with Fox matched the victim's and witnesses' descriptions of the vehicle involved in the crimes. Further, Fox fled once approached by law enforcement, had a firearm and cartridges in his possession matching those used in the shooting, and admitted to committing the crimes according to

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-11426

an informant. *See Weber v. State*, 121 Nev. 554, 581-82, 119 P.3d 107, 126 (2005) (explaining that flight beyond mere "going away" can be relevant to a defendant's consciousness of guilt (quoting *State v. Rothrock*, 45 Nev. 214, 229, 200 P. 525, 529 (1921))), *rejected on unrelated grounds by Farmer v. State*, 133 Nev. 693, 405 P.3d 114 (2017). That some witnesses' trial testimony was inconsistent and differed from their pretrial statements does not affect our decision because it is within the province of the jury, not this court, to weigh the evidence and assess witness credibility.[2] *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 438-39 (1975); *see also Bolden v. State*, 97 Nev. 71, 72-73, 624 P.2d 20, 20 (1981) (upholding a jury verdict where conflicting testimony was presented). Indeed, Fox thoroughly cross-examined the witnesses he complains did not identify him at trial, making the jury aware of the discrepancies in the evidence regarding his identity as the perpetrator. *See Burnside v. State*, 131 Nev. 371, 390, 352 P.3d 627, 641 (2015) (explaining that it is for the jury to determine what weight to give cross-examination testimony highlighting alleged discrepancies regarding suspect identification). Thus, when viewed in the light most favorable to the State, the evidence was sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (providing the standard for reviewing sufficiency of the evidence); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (same); *see also* NRS 193.165 (defining use of a deadly weapon); NRS

---

[2]To the extent Fox argues that the district court had to sua sponte rule an in-court identification as hearsay and instruct the jury accordingly, he fails to support this claim with legal authority. We therefore decline to address that issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

SUPREME COURT
OF
NEVADA

(O) 1947A

193.330(1) (defining attempt); NRS 200.010 (defining murder); NRS 200.030 (delineating the degrees of murder); NRS 200.380 (defining robbery); NRS 200.471(1) (defining assault); NRS 202.285(1) (defining discharging a firearm at or into a structure).

Second, Fox contends that the district court violated his Sixth Amendment right to confront witnesses when it admitted the grand jury testimony of several State witnesses. Specifically, Fox claims that since he did not have an opportunity to cross-examine the witnesses at the grand jury hearing, the State should not have been allowed to use the grand jury testimony to impeach its witnesses at trial. We review de novo whether a district court's rulings violated a defendant's Confrontation Clause rights. *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009). The Confrontation Clause bars admission of prior testimony from a witness unless the witness is unavailable to testify at trial and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Because the district court only admitted the grand jury testimony of witnesses who testified and were subject to full cross-examination at trial, there was no Confrontation Clause violation. *Id.* at 60 n.9 ("[W]e reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements . . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." (citations omitted)). Furthermore, the grand jury testimony was admissible both substantively and for impeachment. *See* NRS 51.035(2)(d) (providing that a witness's grand jury testimony is not hearsay when the witness testifies at trial and is subject to cross-examination); *Miranda v. State*, 101 Nev. 562, 567, 707 P.2d 1121, 1124 (1985) (noting that the district court can admit a prior inconsistent

statement for both impeachment and substantive purposes). And Fox does not present a compelling argument to depart from precedent allowing admission of grand jury testimony under these circumstances. Accordingly, Fox has not demonstrated error.

Third, Fox argues that the district court erred by not allowing him to conceal his facial tattoo (a teardrop) during trial. He claims that the district court erred in finding the tattoo relevant to identity and that he was unfairly prejudiced by the jurors observing the tattoo because they might infer from it that he killed someone. We review a district court's decision to admit evidence for an abuse of discretion. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). The record indicates that the district court adequately considered the questions of relevance and unfair prejudice in denying Fox's motion to conceal his tattoo. Fox's tattoo was relevant because at least one witness mentioned it in his description of the perpetrator and law enforcement used that description, along with a picture of Fox shown to them by the victim, in determining that Fox was the person known as "Dee." *See* NRS 48.015 (defining "relevant evidence" as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence"). And the tattoo's probative value was not substantially outweighed by unfair prejudice given that the district court excluded testimony about the tattoo's meaning and the jury saw Fox's tattoo in unobjected-to, admitted exhibits.[3] *See* NRS 48.035(1) (providing that

_____

[3]To the extent Fox argues that the district court erred in not allowing him to voir dire veniremembers about teardrop tattoos, he did not preserve this issue below and has not demonstrated plain error because he does not show that any seated juror was not impartial. *See Martinorellan v. State*, 131 Nev. 43, 48, 343 P.3d 590, 593 (2015) (applying plain-error review to

relevant evidence is not admissible when its "probative value is substantially outweighed by the danger of unfair prejudice"); *Jones v. Sec'y, Dep't of Corr.*, 607 F.3d 1346, 1351-52 (11th Cir. 2010) (finding a defendant's spiderweb tattoo admissible to show identity, in part, because no trial evidence suggested it was tied to racism or gang affiliation); *State v. Ross*, 115 So. 3d 616, 623 (La. Ct. App. 2013) (finding no error in the trial court requiring the defendant to display his facial, teardrop tattoo during trial where it was relevant to identity and no testimony mentioned the tattoo's meaning). Accordingly, the district court did not abuse its discretion in admitting this evidence.[4] For the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Cadish

_____, J.
Pickering

cc:    Hon. David M. Jones, District Judge
       The Law Office of Daniel M. Bunin
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

unpreserved errors); *Weber*, 121 Nev. at 581, 119 P.3d at 125 (noting the focus of a prejudice inquiry with respect to an alleged partial jury is on the actually seated jurors).

[4]Fox's cumulative-error argument lacks merit where we find no errors. *See United States v. Allen*, 269 F.3d 842, 847 (7th Cir. 2001) ("If there are no errors or a single error, there can be no cumulative error.").