IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL MANZANO RODEROS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83785

FILED

AUG 2 6 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of child abuse or endangerment, battery constituting domestic violence, and coercion constituting domestic violence. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.

Appellant Michael Roderos was involved in an altercation with his wife Samantha and his daughter Noelani, who was 16 years old at the time. Both Samantha and Noelani testified at trial that a conflict began after they arrived home from an out-of-town trip and found Michael drinking in the garage. Samantha testified that the argument escalated when Michael grabbed and twisted her hands. Thereafter, Samantha decided it was best if she and their minor son, who had been at home with Michael while Samantha and Noelani were out of town, left the house, so Samantha went upstairs to pack a bag. Noelani also went upstairs to her bedroom to call a friend to come pick her up. Noelani testified that Michael followed her, argued with her, and then backhanded her. Samantha testified that when she tried to leave the house with their son, Michael blocked the front door and attempted to take her suitcase away from her. Noelani testified that her friend eventually arrived with her father, and,

Supreme Court
OF
Nevada

(O) 1947A

22-26905

after she got in the car, the father drove around the block and called the police. Michael was arrested the next day at his place of work, where Samantha also worked. A jury found Michael guilty on all three counts, and the district court sentenced him to 56-144 months.

Michael appeals, arguing that (1) the district court erred in sustaining the State's hearsay objection after his counsel tried to impeach Noelani's testimony, which limited his due process right to assert an adequate defense; (2) there was insufficient evidence to support his conviction; and (3) cumulative error warrant reversal.[1]

During trial, Michael tried to elicit testimony from a police officer to impeach Noelani's testimony regarding which hand Michael used when he backhanded her. The State objected on hearsay grounds, and the district court sustained the objection. Michael does not argue that a hearsay exception applies or that the district court's ruling on the State's objection was incorrect. *See* NRS 51.035 (defining hearsay). Instead, Michael maintains that the district court should have allowed the line of questioning and admitted the police report containing Noelani's statement

---

[1]Michael raises two additional arguments on appeal: (1) the State improperly vouched for Samantha by telling her that she was "doing great" during direct examination, and (2) the district court erred in admitting Samantha's testimony that Michael was fired from his job because their employer did not tolerate domestic violence, because that testimony constituted improper character evidence. Because Michael failed to preserve these issues for appellate review, he has the affirmative burden to demonstrate that the errors were plain or clear and that they affected his substantial rights by showing actual prejudice or a miscarriage of justice, which he has failed to do. *Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018) (citing *United States v. Olano*, 507 U.S. 725, 731 (1993)); *see* NRS 178.602. We perceive no plain error.

anyway because his due process right to present an adequate defense is "a counterpoint to the rules of evidence."

We disagree. "Although a criminal defendant has a due process right to introduce into evidence any testimony or documentation which would tend to prove the defendant's theory of the case, that right is subject to the rules of evidence . . . ." *Rose v. State*, 123 Nev. 194, 205 n.18, 163 P.3d 408, 416 n.18 (2007) (internal quotation marks and citation omitted). "Such rules do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (internal quotation marks omitted). Here, Michael had the opportunity to impeach Noelani in accordance with evidence rules by questioning Noelani herself regarding her statement to the police and which hand Michael used when he backhanded her, but he failed to do so. We therefore conclude that the district court did not abuse its discretion by sustaining the State's objection. *See Rhymes v. State*, 121 Nev. 17, 21-22, 107 P.3d 1278, 1281 (2005) (providing that trial courts have broad discretion to admit or exclude evidence).

Michael next broadly argues that there was insufficient evidence to support his conviction with respect to each crime charged. We disagree. Both Samantha and Noelani testified as to Michael's actions on the night in question, and the State admitted photographic and other evidence of the injuries sustained by Noelani. *See Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) ("[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness."). We conclude that there was sufficient evidence for a reasonable jury to find Michael guilty of the crimes charged beyond a reasonable doubt.

*See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (stating that this court will not disturb a verdict support by substantial evidence if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Finally, Michael argues that he is entitled to relief due to cumulative error. *See Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008) (providing the relevant factors to consider for a claim of cumulative error). However, Michael has not demonstrated any error, so there is nothing to cumulate. *See Barlow v. State*, 138 Nev., Adv. Op. 25, 507 P.3d 1185, 1199 (2022) (concluding that errors did not cumulate as there was only one error). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                                    Herndon

cc:    Hon. Mary Kay Holthus, District Judge
       Leslie A. Park
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk